# DREIER v. UNITED STATES.

# DREIER v. HENKEL, UNITED STATES MARSHAL.

ERROR TO AND APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 358, 359. Argued March 2, 3, 1911.—Decided May 15, 1911.

*Wilson* v. *United States, ante,* p. 361, followed to effect that an officer of a corporation cannot refuse to produce books and papers of the corporation in response to a subpœna *duces tecum* on the ground that the contents thereof would tend to incriminate him personally.
*Quære* whether if a privilege to refuse to produce documents of a cor-

poration in response to a subpœna *duces tecum* does exist the person entitled to claim it may not waive it by his conduct.

THE facts, which involve the validity of a subpœna *duces tecum* issued to the custodian of the books of a corporation, and the right of such custodian to refuse to produce the documents required by such subpœna on the ground that they would incriminate him, are stated in the opinion.

*Mr. W. Wickham Smith*, with whom *Mr. John K. Maxwell* was on the brief, for plaintiff in error and appellant:

Dreier had an absolute right to refuse to produce books for the consideration of the grand jury or to give testimony upon the ground that to do so might tend to incriminate him. Burr's Trial, 244; *Counselman* v. *Hitchcock*, 142 U. S. 547.

The witness could no more be compelled to produce books for the examination of the grand jury than to testify orally before them. *Bollman* v. *Fagin*, 200 U. S. 186; *Boyd* v. *United States*, 116 U. S. 616.

. The authorities, both state and Federal, upholding the privilege of a witness to refuse to answer questions that he claims would tend to incriminate him, are innumerable. Among them are the following in addition to those already cited: *Ex parte Chapman*, 153 Fed. Rep. 371; *In re Kanter*, 117 Fed. Rep. 356; *In re Hess*, 134 Fed. Rep. 109; *Foot* v. *Buchanan*, 113 Fed. Rep. 156.

The same rule has been applied in bankruptcy cases. *In re Nachman*, 114 Fed. Rep. 995; *In re Smith*, 112 Fed. Rep. 509; *In re Shera*, 114 Fed. Rep. 207; *Edelstein* v. *United States*, 149 Fed. Rep. 636, at 642; *United States* v. *Goldstein*, 132 Fed. Rep. 789.

A witness who claims privilege is not required to admit that he is guilty. The protection of the Constitution is for the innocent as well as for the guilty. ·*People* v. *Forbes*,

143 N. Y. 219; *Lamsen* v. *Boyden*, 160 Illinois, 613; *Emery's Case,* 107 Massachusetts, 172.

There was no waiver by the defendant of his right to refuse to produce books or give testimony. 29 Am. & Eng. Ency. of Law, 2d ed., 1093.

Where a witness has testified to certain facts having an apparent tendency to incriminate him and a question is asked, an affirmative answer to which, in connection with the other facts testified to, would furnish criminating evidence, witness may assert his privilege. *Wallace* v. *State,* 41 Florida, 547.

It is the duty of the court when the witness is brought before it and shown that his answer would incriminate him to entertain the witness's objection notwithstanding he had stated to the grand jury that his answer would not criminate him. *Ex parte Wilson,* 47 S. W. Rep. 996; see also *Lamsen* v. *Boyden,* 160 Illinois, 613; *Blum* v. *State,* 94 Maryland, 375; *Wilson* v. *State,* 57 S. W. Rep. 916.

*The Solicitor General,* with whom *The Attorney General, Mr. Wm. S. Kenyon,* Assistant to the Attorney General, and *Mr. O. E. Harrison,* Special Assistant to the Attorney General, were on the brief, for the United States:

The order to produce the books and papers did not infringe the Fourth Amendment.

The search and seizure clause of the Fourth Amendment does not interfere with the power of the courts to compel production of documentary evidence through a subpœna *duces tecum.* The writ of subpœna *duces tecum* to compel the production of documentary evidence has come down to us through centuries, and without it the administration of justice would be impossible. *Summers* v. *Moseley,* 2 Cr. & M. 477; *Wertheim* v. *Continental R. & T. Co.,* 15 Fed. Rep. 718; *Amey* v. *Long,* 9 East, 473; *Bull* v. *Loveland,* 10 Pick. 9; *United States Express Co.* v. *Henderson,* 69 Iowa, 40; Greenleaf on Evidence, § 469a.

This court has settled the question in *Boyd v. United States*, 116 U. S. 616; *Interstate Com. Comm.* v. *Baird*, 194 U. S. 25; *Hale* v. *Henkel*, 201 U. S. 43.

The books belonged to the corporation, and its officer having custody of them was bound to produce them under a subpœna *duces tecum.*

A corporation can be compelled to furnish information upon the order of a proper judicial tribunal concerning the conduct of its business, even though such information might be incriminatory. This is settled by *Hale* v. *Henkel*, 201 U. S. 43; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322, 348, 349; *Consolidated Rendering Co.* v. *Vermont*, 207 U. S. 541, 553, and *Am. Tobacco Co.* v. *Werckmeister*, 207 U. S. 284, 302.

It must appear to the court that the evidence sought could reasonably have a tendency to criminate the witness and it is then for the witness to say that such evidence would have such a tendency. See *Irvine Case*, 74 Fed. Rep. 954; citing Burr Trial Case, 14692*e*; *Regina* v. *Boyes*, 1 Best & Smith, 329; *Ex parte Reynolds*, 20 Ch. Div. 294; and see *Richmond* v. *The State*, 2 Greene, 532; *Stevens* v. *The State*, 50 Kansas, 712; *Minters* v. *The People*, 139 Illinois, 363; *United States* v. *McCarthy*, 18 Fed. Rep. 87; *The People* v. *Mather*, 4 Wend. 229; *Commonwealth* v. *Willard*, 22 Pick. 476; *Commonwealth* v. *Kimball*, 24 Pick. 366; *Ex parte Senior*, 37 Florida, 1; *LaFontaine* v. *Southern Underwriters*, 83 N. Car. 132, 141; *Floyd* v. *The State*, 7 Texas, 215; *Miskimmins* v. *Shaver*, 8 Wyoming, 392, 418.

It is the province of the court to determine whether or not the witness could be incriminated by truthfully answering, and it is then for the witness to determine whether the answers would incriminate him.

The cases in which the privilege was claimed and allowed show that it was apparent from the question asked that a direct answer would incriminate the witness. *Rex* v. *Gordon*, 2 Doug. K. B. Rep. 593; *Paxton* v. *Douglas*, 19

Ves. Ch. 224; *Malony* v. *Bartley*, 3 Campb. 210; *Cates* v. *Hardacre*, 3 Taunt. 424; *Rex* v. *Pegler*, 5 C. & P. 687; *Fisher* v. *Ronalds*, 16 Eng. Law & Eq. Rep. 417; *Emery's Case*, 107 Massachusetts, 172; *In re Graham*, 8 Ben. 419; *Bank* v. *Henry*, 2 Den. 155; *People ex rel. Taylor* v. *Seaman*, 8 Misc. (N. Y.) 152; *Cullen* v. *Commonwealth*, 24 Gratt. 624; *Smith* v. *Smith*, 116 N. Car. 386; *Lester* v. *Boker*, 6 Blatch. (Ind.) 439.

It is apparent from the record that the witness did not invoke the protection of the Constitution in good faith.

The cautionary words used by the court in *Brown* v. *Walker*, 101 U. S. 591, seem to describe the situation that was before the court below. The plea of privilege is personal to the witness and must be made in good faith on behalf of himself, and not to shield a corporation or a third person. *Hale* v. *Henkel*, 201 U. S. 43, 69.

The privilege has become deeply fixed in our system of jurisprudence and will never be abolished, and every consideration of a proper protection of the body politic demands that the privilege should not be extended beyond the limits which are to be fixed by reference to its historical origin. This means that it must be confined to the beneficent protection of the privilege to witnesses in their personal and not their representative capacity. Wigmore on Evidence, pp. 3101, 3107.

Every consideration that arises from conditions of modern civilization requires that the rule should not be extended further than is necessary to accomplish its original purpose of caring for the personal rights of individuals. Greenleaf on Evidence, 16th ed. 469*d*; *Commonwealth* v. *Shaw*, 4 Cush. 594; Phillips on Evidence, 4th Am. ed., p. 935; *Reynolds* v. *Reynolds*, 1882, 15 Cox, Cr. 108, 115; Wigmore, pp. 2967, 2968, and on page 3102, quoting Bentham.

The witness had waived his privilege.

If a witness discloses a part of a transaction with which

he was criminally concerned, without claiming his privilege, he must disclose the whole. *People* v. *Freshour*, 55 California, 375; *Coburn* v. *Odell*, 10 Fost. (N. H.) 540; *Foster* v. *Pierce*, 65 Massachusetts, 439; *Chamberlain* v. *Wilson*, 12 Vermont, 491; *Commonwealth* v. *Nichols*, 114 Massachusetts, 285.

A witness who has voluntarily testified in part on a matter tending to criminate cannot afterwards decline to answer a question upon the ground that it will criminate him. *Commonwealth* v. *Pratt*, 126 Massachusetts, 462; *Commonwealth* v. *Price*, 10 Gray, 472; *People* v. *Carroll*, 3 Park. (N. Y. Cr.) 83; *Low* v. *Mitchell*, 18 Maine, 372; *Evans* v. *O'Connor*, 174 Massachusetts, 287; *State* v. *Nichols*, 29 Minnesota, 357; *State* v. *Foster*, 23 N. H. 348; *State* v. *Kansas*, 4 N. H. 562; *Brown* v. *Walker*, 161 U. S. p. 591 and cases cited on p. 597.

The writ of *habeas corpus* was properly dismissed.

Mr. Justice Hughes delivered the opinion of the court.

The plaintiff in error and appellant, William Dreier, was subpœnaed to produce before the grand jury in the Circuit Court certain books and papers of the Lichtenstein Millinery Company, a New York corporation, of which he was the secretary. The grand jury was conducting an inquiry with respect to alleged violations of the customs laws by N. Hayes and others. The subpœna contained the *ad testificandum* clause, but the only question presented is with respect to the demand for the corporate documents. For his refusal to produce them for the inspection of the grand jury, Dreier was committed for contempt. The first case (No. 358) is a writ of error to the Circuit Court to review the judgment holding him to be in contempt and directing his commitment; and the second (No. 359) is an appeal from an order dismissing a writ of *habeas corpus*. The contention of Dreier in both cases is

that the contents of the books and papers would tend to incriminate him and that the proceedings to compel their production were in violation of the Fifth Amendment of the Constitution of the United States.

It is urged that if he had a privilege, his conduct was such as to constitute a waiver. But it is not necessary to consider the case in this aspect. Dreier was not entitled to refuse the production of the corporate records. By virtue of the fact that they were the documents of the corporation in his custody, and not his private papers, he was under obligation to produce them when called for by proper process. *Wilson* v. *United States*, decided this day, *ante*, p. 361. In that case the writ was directed to the corporation and here it was addressed to the custodian. As he had no privilege with respect to the corporate books and papers it was his duty to obey.

*Affirmed.*

Mr. Justice McKenna concurs in the result upon the ground of waiver.