UNITED STATES of America and Douglas S. Evaul, Special Agent, Internal Revenue Service, Petitioners,

v.

Charles R. HOLLEY, Attorney for Ashley M. Papineau, Respondent.

UNITED STATES of America and Douglas S. Evaul, Special Agent, Internal Revenue Service, Petitioners,

v.

Richard B. LANSDALE, Attorney for Ashley M. Papineau, Respondent.

UNITED STATES of America and Douglas S. Evaul, Special Agent, Internal Revenue Service, Petitioner,

v.

SATELLITE LEASING, INC., and Ashley M. Papineau, President, Satellite Leasing, Inc., Respondent.

Nos. 79–1095–Civ–SMA, 79–1094–Civ–SMA and 79–1114–Civ–SMA.

United States District Court, S. D. Florida, Miami Division.

Dec. 14, 1979.

Alvarez L. LeCesne, Jr., Tax Dept., U. S. Dept. of Justice, Washington, D. C., Stephen M. Pave, Asst. U. S. Atty., Southern District of Florida, Miami, Fla., for petitioners.

Charles R. Holley, Richard B. Lansdale, Naples, Fla., for respondents.

## MEMORANDUM OPINION AND ORDER

ARONOVITZ, District Judge.

These consolidated cases came before the Court on the several Petitions to Enforce Internal Revenue Summons by the United States. In Case No. 79–1094–Civ–SMA, the summons is directed to Richard B. Lansdale, who is an attorney for Ashley M. Papineau. In Case No. 79–1095–Civ–SMA, the summons is directed to Charles R. Holley, who is also an attorney for Ashley M. Papineau. Finally, in Case No. 79–1114–Civ–SMA, the summons is directed to Ashley M. Papineau, President of Satellite Leasing, Inc. The Petitions are brought pursuant to 26 U.S.C. §§ 7402(a) and 7604(b). The Court, having considered said Petitions and the Answers thereto, and having conducted a hearing on said Petitions, and having reviewed the record and being otherwise fully advised in the premises, determines that the summonses should be enforced for the reasons set forth below.

■ Respondents' objections to enforcement of the summonses are twofold. Respondents predicate their first argument on *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). They claim that the summonses were issued solely for the purpose of unearthing evidence to be used in a criminal prosecution, and that the Service has no intention of using the documents for the calculation of civil tax liability. The Court, having had the opportunity to hear the testimony of the witnesses for both sides and to observe their demeanor, finds that the Service has satisfied *LaSalle's* requirements. The Service issued the summonses in good faith, and has not abandoned the pursuit of civil tax determination. The summonses were issued for the legitimate purpose of making this determination.

■ The Court also finds that the Service has not recommended criminal prosecution to the Department of Justice at this time, and the Court notes that such a recommendation is the "primary limitation" on the use of the summons. *LaSalle, supra,* 437 U.S. at 311, 98 S.Ct. at 2365. It is true that information gained by enforcement of these summonses may later be used in a criminal prosecution, but "[t]his result is inevitable because Congress has created a law enforcement system in which criminal and civil elements are inherently intertwined." *Id.* at 309, 98 S.Ct. at 2363. *See also Couch v. United States,* 409 U.S. 322, 326, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Donaldson v. United States,* 400 U.S. 517, 535, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Based on the above findings, this objection to enforcement is overruled.

Respondents base their second objection on *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Respondents concede that under *Fisher,* no Fifth Amendment privilege attaches to the mere act of furnishing documents to the Service, since such an act is not "testimonial" for Fifth Amendment purposes. Respondents have refused, however, to acknowledge the existence of any documents, and argue that an order of this Court requiring such an acknowledgement would compel a testimonial admission in violation of the Respondents' Fifth Amendment rights. Lacking any evidence that the documents exist, Respondents contend they cannot be compelled to relinquish them.

■ Initially, the Court notes that the summonses in Case Nos. 79–1094 and 79–1095, addressed to Respondents Holley and Lansdale, require production of documents held by those parties in their professional capacity. Regardless of the scope of the Fifth Amendment privilege enjoyed by Respondent Papineau, *Fisher* makes clear that this privilege may not be asserted by a party's attorney. Thus, even if the Court were to accept Respondents' argument that to compel authentication by the taxpayer would constitute testimonial incrimination in violation of the Fifth Amendment, "enforcement against a taxpayer's lawyer would not 'compel' the taxpayer to do anything—and certainly would not compel him to be a 'witness' against himself." *Fisher, supra,* 425 U.S. at 397, 96 S.Ct. at 1574. The privilege against self-incrimination "was never intended to permit [an attorney] to plead the fact that some third person might be incriminated by his testimony, even though he were the agent of such person." *Hale v. Henkel,* 201 U.S. 43, 69–70, 26 S.Ct. 370, 377, 50 L.Ed. 652 (1906). "Agent or no, the lawyer is not the taxpayer. The taxpayer is the 'accused,' and nothing is being extorted from him." *Fisher, supra,* 425 U.S. at 398, 96 S.Ct. at 1574. Accordingly, these two summonses must be enforced.

■ The more difficult question is the scope of Respondent Papineau's Fifth Amendment privilege. In this regard, Respondent Papineau attempts to raise the question, left undecided in *Fisher,* of "[w]hether the Fifth Amendment would shield the taxpayer from producing his own tax records in his possession . . . ." 425 U.S. at 414, 96 S.Ct. at 1582. This Court concludes, however, that the facts and circumstances of this case do not require resolution of that question.

The summons in Case No. 79–1114 was issued to "Ashley M. Papineau, President, Satellite Leasing, Inc." The summons does not demand production of any "private papers" of Respondent Papineau. To the contrary, the summons demands the "records of *Satellite Leasing, Inc.*" that are in Re-

spondent's custody, relating to transactions between Satellite Leasing, Inc., the Respondent, and certain other corporations. Thus, the language of the summons makes clear that it is directed to Respondent solely in his custodial capacity. The law is settled that a corporation is not privileged from self-incrimination, *Hale v. Henkel,* 201 U.S. 43, 74–75, 26 S.Ct. 370, 50 L.Ed. 652 (1906), and that the custodian of corporate records must produce those records on behalf of the corporation, even if the records might incriminate the custodian. *See Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *United States v. White,* 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); *Dreier v. United States,* 221 U.S. 394, 31 S.Ct. 550, 55 L.Ed. 784 (1911); *Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

The Court emphasizes that because the summons demands records of Satellite Leasing, Inc., and is not addressed to the Respondent personally, the Respondent admits nothing by producing the documents, except that they are the records of the corporation. The Court therefore holds that the Fifth Amendment does not prevent enforcement of an Internal Revenue Service summons when, as here, the summons does not demand the private papers of the Respondent.

The Court further finds the following as to the three summonses involved in this case:

1. The investigation pursuant to which the summonses were issued has a legitimate purpose.

2. The records in Respondents' possession may be relevant to the investigation.

3. The Internal Revenue Service is not already in possession of the records sought.

4. The Internal Revenue Service has followed the proper administrative steps in the issuance and service of the summonses.

Accordingly, it is

ORDERED AND ADJUDGED that the Petitions to Enforce Internal Revenue Summons are GRANTED, and the Summonses are hereby enforced. Respondents shall

comply with the summonses at a time and place to be designated by the Petitioner.

DONE AND ORDERED in Chambers at Miami, Florida, this 14 day of December, 1979.