SHAW, Justice.
We review State v. Wellington Precious Metals, Inc., 487 So.2d 326 (Fla. 3d DCA 1986), wherein the court construed the United States Constitution and held that a sole owner-corporate custodian of records may not be compelled to produce corporate records pursuant to a subpoena duces te-cum if the act of producing will be communicative and incriminatory, in the absence of a grant of use immunity. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. We quash the decision below for the reasons which follow.
The state attorney for the Eleventh Judicial Circuit issued an investigative subpoena duces tecum to the “Custodian of Records” for Wellington Precious Metals, Inc. The sole shareholder-corporate custodian, Daniel Weiss, was not named individually. The subpoena sought to compel production of all corporate records relating to the acquisition of precious metals including payroll records, financial accounts, and can-celled checks. Weiss, who accepted service of the subpoena on behalf of the corporation, filed a motion to quash the subpoena, in his own behalf, alleging that the act of production would be self-incriminating. The trial court granted the motion without holding an evidentiary hearing on whether the act of production would in fact be incriminating, and issued an order recognizing that a custodian may raise his fifth amendment privilege and refuse to personally produce records, citing United States *904 v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), as authority. The district court agreed insofar as the order allowed the custodian to assert his personal privilege, but vacated the order quashing the subpoena and remanded the cause for an evidentiary hearing to determine if the production of the records would in fact be incriminating. In doing so, the court was persuaded by the rationale of In re Grand Jury Matter (Appeal of James Gilbert Brown), 768 F.2d 525 (3d Cir.1985) (hereinafter Brown).
In Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Court held that there was no violation of the fifth amendment where a subpoena directed attorneys to produce their clients’ business records which had been prepared by the clients’ accountants and transferred to the attorneys for advice relating to an Internal Revenue Service investigation. Fisher makes it clear that no individual has a privilege against self-incrimination in the contents of voluntarily created business records. Although not applicable under the facts of that case, the Court also recognized that the act of production “has communicative aspects of its own, wholly aside from the contents of the papers produced.” Id. at 410, 96 S.Ct. at 1581. However, in a statement of law applicable to the facts of the present case, the Court noted that it had
time and again allowed subpoenas against the custodian of corporate documents or those belonging to other collective entities such as unions and partnerships and those of bankrupt businesses over claims that the documents will incriminate the custodian despite the fact that producing the documents tacitly admits their existence and their locar tion in the hands of their possessor. E.g., Wilson v. United States, 221 U.S. 361 [31 S.Ct. 538, 55 L.Ed. 771] (1911); Dreier v. United States, 221 U.S. 394 [31 S.Ct. 550, 55 L.Ed. 784] (1911); United States v. White, 322 U.S. 694 [64 S.Ct. 1248, 88 L.Ed. 1542] (1944); Beilis v. United States, 417 U.S. 85 [94 S.Ct. 2179, 40 L.Ed.2d 678] (1974); In re Harris, supra [221 U.S. 274, 31 S.Ct. 557, 55 L.Ed. 73 (1911)].
Id. at 411-12, 96 S.Ct. at 1581-82 (emphasis supplied).
In Doe, the Court addressed the issue “whether, and to what extent, the Fifth Amendment privilege against compelled self-incrimination applies to the business records of a sole proprietorship.” Doe, 465 U.S. at 606,104 S.Ct. at 1239. The subpoenas were addressed to the owner by personal name. The Court held that the contents of the sole proprietorship records were not privileged but, applying the production as testimony doctrine, the Court accepted the district court’s factual finding that the act of producing would be testimonial and self-incriminating in violation of the fifth amendment. However, the Court noted that the government could rebut a claim that the act of production by a sole proprietor is testimonial by showing “that possession, existence, and authentication were a ‘foregone conclusion.’ Fisher, 425 U.S. at 411 [96 S.Ct. at 1581].” Doe, 465 U.S. at 614 n. 13, 104 S.Ct. at 1243 n. 13. By analogy, Doe suggests that the sole owner of a corporation who is subpoenaed by personal name could assert a fifth amendment privilege against being compelled to personally produce and authenticate the corporate records if a factual showing is made that the act of producing will be incriminating. However, by reference to Fisher, Doe also strongly suggests that the government may compel the sole owner to produce and authenticate the records by showing that “[t]he existence and location of the papers are a foregone conclusion and the [sole owner] adds little or nothing to the sum total of the Government’s information by conceding that he in fact has the papers.” Fisher, 425 U.S. at 411, 96 S.Ct. at 1581. We have no factual findings before us, but on the basis of Weiss’s argument that he is the sole shareholder and the person who has the documents, it is clear that the government could easily make the latter showing. More importantly, application of Fisher and Doe to a corporate officer is contrary to a long line of cases holding that corporations have no fifth amendment rights and
*905 [s]ince no artificial organization may utilize the personal privilege against compulsory self-incrimination, ... it follows that an individual acting in his official capacity on behalf of the organization may likewise not take advantage of his personal privilege. In view of the inescapable fact that an artificial entity can only act to produce its records through its individual officers or agents, recognition of the individual’s claim of privilege with respect to the financial records of the organization would substantially undermine the unchallenged rule that the organization itself is not entitled to claim any Fifth Amendment privilege, and largely frustrate legitimate governmental regulation of such organizations.
Beilis v. United States, 417 U.S. 85, 90, 94 S.Ct. 2179, 2184, 40 L.Ed.2d 678 (1974).
The district court below, relying on the reasoning of the Brown court,* held that Doe was applicable and that Weiss could assert a personal fifth amendment right against being required to produce and authenticate the corporate records of Wellington Precious Metals, Inc. We disagree. In our view, both Brown and Doe are distinguishable from the present case. In Brown, unlike here, the subpoena duces tecum was addressed to Brown and required that he personally produce and authenticate the subpoenaed records. Moreover, although it is not critical to our decision, we are persuaded that the dissenting opinion of Judge Garth is a more persuasive analysis of Fisher, Doe, Beilis, and earlier Supreme Court decisions on corporate subpoenas. In Doe, the Court limited itself to sole proprietorships and gave no indication that it was receding from Beilis, et al. Even if we assume that the Doe rule would be applicable to a subpoena addressed by name to a sole owner or a corporate officer, it does not follow that it would be applicable to a subpoena duces tecum addressed to the custodian, or a corporate officer, in their representative capacity. Beilis quoted above. Here, the subpoena did not require that Weiss personally produce and authenticate the corporate records. Indeed, Weiss concedes that contents of the records are not themselves privileged and urges that we hold either that the trial court should appoint an outside third party to produce and authenticate the records, or that the state be required to grant use immunity on the act of production and authentication. We agree that this is a possible solution which trial courts or the state might adopt under appropriate circumstances, but see no need under these circumstances to relieve the corporation or its officers of their legal responsibilities. Under Florida law, corporations are required to designate, as a minimum, a resident agent to receive and act on service of process. § 607.034, Fla.Stat. (1985). Weiss, in his corporate capacity, was served with the subpoena. Provided the response was timely, the corporation could have appointed a surrogate or successor custodian to produce and authenticate the records without implicating the asserted fifth amendment rights of Weiss. Weiss himself, as an individual, had no standing to assert the fifth amendment right on a subpoena which was not ad *906 dressed to him personally. His petition to quash the subpoena should have been denied. Thus, neither the corporation, which has no fifth amendment right, nor Weiss, who was not being compelled to incriminate himself, had fifth amendment grounds on which to petition to quash the subpoena duces tecum.
Weiss also urges that if a surrogate custodian is appointed, that the surrogate not be permitted to testify as to Weiss’s previous role as custodian because, he urges, this will indirectly violate his right against self-incrimination. This argument is totally meritless. Assuming ar-guendo that Weiss has a fifth amendment right not to be compelled to produce and authenticate the records, that right only involves sei/incrimination, it does not protect against incriminating evidence from another witness or another source. Necessarily, any successor or surrogate custodian appointed by the corporation or the court would be required to authenticate the records based on receiving those records from a predecessor custodian. If the corporation or its officers refuse to cooperate in authenticating the records, the court, in its discretion, may compel authentication through contempt or seizure proceedings.
In summary, then, we hold that the subpoena duces tecum placed the burden on the corporation and its officers to timely produce and authenticate the corporate records and that Weiss, as an individual, had no standing to challenge the subpoena. In the posture of the case, we need not reach the question of whether Weiss has a fifth amendment right to decline to personally produce the corporate records.
We quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
MCDONALD, C.J., and OVERTON and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which EHRLICH, J., concurs.

 The federal courts of appeal are in disarray on this issue, but it appears that Brown is a minority view. We note these cases but do not examine them because doing so would involve repeatedly marching up and down the hill distinguishing cases which are, for the most part, not directly on point if dicta is discounted. See In re Grand Jury Subpoena Duces Tecum (Acker-man), 795 F.2d 904 (11th Cir.1986); United States v. Lang, 792 F.2d 1235 (4th Cir.), cert. denied, — U.S.-, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986); United States v. Antonio J. Sancetta, 788 F.2d 67 (2d Cir.1986); In re Grand Jury Subpoena Duces Tecum, (85-W-7J-5), 784 F.2d 857 (8th Cir.), cert, granted, — U.S.-, 107 S.Ct. 59, 93 L.Ed.2d 18 (1986), cert, dismissed, — U.S. -, 107 S.Ct. 918, 93 L.Ed.2d 865 (1987); In re Grand Jury Proceedings (Morganst-em), 771 F.2d 143 (6th Cir.), cert, denied, 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); In re Two Grand Jury Subpoenae, 769 F.2d 52 (2d Cir.1985); In re Grand Jury Subpoena (Lincoln), 767 F.2d 1130 (5th Cir.1985); United States v. Malis, 737 F.2d 1511 (9th Cir.1984); In re Grand Jury Proceedings (Vargas), 727 F.2d 941 (10th Cir.), cert, denied, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984); In re Grand Jury Subpoenas Duces Tecum, 722 F.2d 981 (2d Cir. 1983); United States v. Porter, 711 F.2d 1397 (7th Cir.1983); In re Grand Jury Proceedings U.S., 626 F.2d 1051 (1st Cir.1980), receded from, In re Kave, 760 F.2d 343 (1st Cir.1985).