**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

Jan. 27, 1989.

## MEMORANDUM AND ORDER

Re: *Government's Motion for Issuance of a Subpoena Pursuant to Federal Rule of Criminal Procedure 17(c).*

GESELL, District Judge.

Independent Counsel has moved under Rule 17(c) of the Federal Rules of Criminal Procedure for issuance of a pretrial subpoena duces tecum directed to defendant North to produce the following documents:

"Spiral bound stenographer's notebooks used by Oliver L. North from February 1, 1983 up to and including November 25, 1986."

North opposes. The motion has been fully briefed and argued.

North has raised a variety of defenses. Basically, North claims that production will be testimonial, thus violating the Fifth Amendment's compulsory self-incrimination clause; that the documents sought are not limited to relevant and material information, and that the government has insufficient facts describing what is sought or North's claimed custody and control over them. North does not acknowledge the essential fact of whether or not he now possesses or controls the notebooks at issue.

The government has attempted to show that North used some spiral notebooks during his tenure at the National Security Council and that these notebooks thus fall squarely within the Presidential Records Act of 1978, 44 U.S.C. § 2201–2207. It asserts that North is a custodian of government documents covered by the Act and urges that the Court order their production by applying the "collective entity doctrine." The Independent Counsel relies chiefly on a recent Supreme Court decision, in which the Court applied the doctrine and held that the custodian of corporate records may not resist a grand jury subpoena for regular corporate records on the ground that the act of production would incriminate him. *Braswell v. United States,* — U.S. —, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988).

Under the facts and circumstances presented by the present motion, the Court is unwilling in the discretion afforded to it under the Rule [1] to treat North as a custodian of government documents covered by the Act, applying the "collective entity doctrine" and proceed to compel North to produce the notebooks. A number of considerations underlie this decision.

■ The Independent Counsel's assertion that the notebooks are "Presidential records" [2] is subject to serious qualification. At best, North's notebooks are governmental only to the extent that segregable portions are shown to have aided him in performing his activities while he was working at the National Security Council. There is no such particularization here.

Further doubt about the status of the notebooks as Presidential records emerges because neither the Archivist nor anyone else has made a determination pursuant to 44 U.S.C. § 2203(c), (e) or (f)(1) that the notebooks are Presidential records. The Archivist has not initiated proceedings

---

1. *United States v. Nixon,* 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039; *United States v. Nobles,* 422 U.S. 225, 243, n. 1, 95 S.Ct. 2160, 2172, n. 1, 45 L.Ed.2d 141 (J. White, concurring).

2. 44 U.S.C. § 2201(2) defines "Presidential records" as "documentary materials, or any reasonably segregable portion thereof, created or received by the President, his immediate staff, or a unit or individual of the Executive Office of the President whose function is to advise and assist the President, in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President."

The NSC is part of the Executive Office of the President. 3 U.S.C. § 101 (note Sec.V.).

Presidential records do "not include documentary materials that are ... personal records," § 2201(2)(B), which Section 2201(3) defines as "all documentary materials, or any reasonably segregable portion thereof (so in original), of a purely private or nonpublic character which do not relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President. Such term includes—

(A) diaries, journals, or other personal notes serving as the functional equivalent of a diary or journal which are not prepared or utilized for, or circulated or communicated in the course of, transacting Government business."

through the Attorney General regarding any alleged unauthorized removal of any notebooks or destruction of documents pursuant to 44 U.S.C. § 2905 or § 3106, and the National Security Council has not requested return of the notebooks, although it has been well aware of the assertions regarding their existence for many months.

Moreover, the notebooks, if they exist, are not impersonal records required to be kept by law. Supreme Court cases applying the collective entity doctrine in the business area have invoked it with respect to documents organizations regularly keep or are required to keep, and the Court has distinguished such documents from private papers. *Dreier v. United States*, 221 U.S. 394, 400, 31 S.Ct. 550, 550, 55 L.Ed. 784 (1911); *see also, Braswell, supra; Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948).

The law concerning production to the government of various governmental papers pursuant to the collective entity doctrine is not as well defined—the government cites no case specifically applying the collective entity doctrine to a government agency—and the statutes are unclear and in a state of flux regarding which government workers are custodians, what documents are governmental or Presidential, and what the duties of government officials are regarding documents containing both notes of official matters and more personal material.

If the Court ordered a subpoena to issue, the fact of production or non-production would, of course, have to be kept from the jury, as the Independent Counsel acknowledges. This is not enough. Production or non-production could, without such a grant, provide the basis for charges in further indictments under several applicable statutes carrying severe felony penalties. The Court would not issue a subpoena in any event without a grant of use immunity, *See, Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Doe v. United States*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) (*Doe I*), and the Independent Counsel is presently unwilling to make such a grant. In addition, if the

notebooks are found to be partially personal, and if unauthorized or incriminating personal activity is recorded in them, ordering their production would be a classic violation of the Fifth Amendment's safeguards against compelled testimonial self-incrimination. *See, Fisher*, 425 U.S. at 409, 96 S.Ct. 1580; *Bellis v. United States*, 417 U.S. 85, 87–88, 94 S.Ct. 2179, 2182–83, 40 L.Ed.2d 678 (1974); *Wheeler v. United States*, 226 U.S. 478, 489, 33 S.Ct. 158, 57 L.Ed. 309 (1913); *Wilson v. United States*, 221 U.S. 361, 377, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

The government has not satisfied the standards of Rule 17(c) for issuance of the subpoena. Although it has attempted to specify the contents of notebooks, it cannot identify any material entry or practice that assures the Court that the standards of relevance, materiality and necessity to the remaining counts will be satisfied, and the massive documentation already in the case suggests that further data would be superfluous. *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1978); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). Indeed, the wording of the proposed subpoena is unduly broad, as it could sweep within its ambit notebooks *never* used at work, and its time span as initially framed is too broad.

Finally, issuance of an subpoena would entail further problems. If the notebooks were produced, they could not be used by Independent Counsel or by North until classification questions were resolved under CIPA, purely personal data excised, and relevance and materiality to particular counts determined. On the other hand, if North failed to produce the notebooks, the Independent Counsel has not submitted sufficient proof of present possession and control of the notebooks to warrant a citation against North for contempt. The inadequacy of the proof in this regard is highlighted by the fact that North is charged with destroying similar material. If North has the notebooks and seeks to rely on them during the defense case, they may become fully available to Independent

Counsel, but at this stage, any subpoena issued would be toothless.

The government's motion is denied.

SO ORDERED.