**AMERICAN EXPRESS BUSINESS FINANCE CORPORATION, successor to Sierracities.Com Inc., Plaintiff,**

v.

**RW PROFESSIONAL LEASING SERVICES CORP., Barry M. Drayer and Rochelle Besser, Defendants.**

No. 02 CV 4575(ADS).

United States District Court, E.D. New York.

Oct. 17, 2002.

Jenkens & Gilchrist Parker Chapin LLP by Katherine Ash, Esq., New York City, for Plaintiff.

Jenkens & Gilchrist Parker, Chapin LLP by Mark Edwin Lowes, Esq., Houston, TX, for Plaintiff.

Sally & Fitch by Donn A. Randall, Esq., Boston, MA, for Defendants RW Professional Leasing Services Corp., Barry M. Drayer, and Rochelle Besser.

Linnie A. Freeman, Esq., Houston, TX, for Defendants RW Professional Leasing Services Corp., Barry M. Drayer, and Rochelle Besser.

Dunnington, Bartholow & Miller LLP by Thomas V. Marino, Esq., New York City, for Defendants Barry M. Drayer and Rochelle Besser.

SPATT, District Judge.

Presently before the Court is a motion for a protective order by Barry Drayer ("Drayer") and Rochelle Besser ("Besser") (collectively, the "individual defendants") and RW Professional Leasing Services Corp. ("RW Professional" or the "corporate defendant") (collectively, the "defendants") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery pending the resolution of a related criminal matter against the defendants.

On May 13, 2002, American Express Business Finance Corporation, successor to SierraCities.Com, Inc. ("SierraCities" or the "plaintiff") filed a complaint in the United States District Court for the Southern District of Texas against Drayer, Besser, and RW Professional alleging causes of action for fraud, conversion, negligent misrepresentation, breach of contract, and for an accounting of monies wrongfully received and retained. The plaintiff essentially claims that the defendants improperly administered equipment leases. Drayer is and was at all relevant times the Chief Financial Officer and Vice President of RW Professional, and Besser is and was at all relevant times the President of RW Professional.

On June 17, 2002, RW Professional filed an answer with counterclaims. At that time, Drayer and Besser filed a motion to dismiss for lack of personal jurisdiction in Texas. On July 22, 2002, the United States District Court for the Southern District of Texas granted the parties' joint motion to transfer venue to this Court.

On June 27, 2002, while the civil case was proceeding, Drayer, Besser, and RW Professional were indicted on criminal charges of bank fraud in violation of 18 U.S.C. § 1344. The indictment also seeks forfeiture of the assets of RW Professional pursuant to 18 U.S.C. § 982. The criminal case is now pending before this Court and is entitled *United States v. RW Professional Leasing Services Corp., Rochelle Besser and Barry Drayer*, No. 02–CR–767.

As in the civil case, the Government's allegations arise from the actions of Drayer and Besser at RW Professional with regard to certain lease equipment. After the arrest of Drayer and Besser, virtually all corporate employees of RW Professional have been discharged, and the Government has seized substantially all of the defendants' documents and records pertaining to RW Professional and the equipment leases. Neither side disputes that the civil and criminal cases involve the same matters.

On September 13, 2002, Drayer and Besser answered the complaint by invoking their Fifth Amendment right against self-incrimination. In addition, Drayer, Besser, and RW Professional have moved for a protective order staying discovery until the resolution of the criminal proceeding against the defendants. The plaintiff does not oppose this motion.

■ It is well established that district courts have discretionary authority to stay a case when the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980) (*en banc*), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *Dresser*, 628 F.2d at 1375.

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff

in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Gala Enterprises, Inc., v. Hewlett Packard Co.,* 1996 WL 732636, at *1 (S.D.N.Y. Dec. 16, 1996); *Trustees of Plumbers Pen. Fund v. Transworld Mech.,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) (footnotes omitted).

Granting a stay of discovery may be especially appropriate where a party under criminal indictment is also required to defend a civil suit involving the same matter. *Kashi,* 790 F.2d at 1057 (quoting *Dresser,* 628 F.2d at 1375); *Arden Way Assocs.v. Boesky,* 660 F.Supp. 1494, 1496 (S.D.N.Y. 1987). The Constitution does not require a stay of civil proceedings in such circumstances. *Volmar Distributors, Inc. v. The New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993). Nevertheless, denying a stay may undermine a party's Fifth Amendment privilege against self-incrimination. *See In re Par Pharmaceutical, Inc.,* 133 F.R.D. 12, 13 (S.D.N.Y.1990) ("The weight of authority in this Court indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment") (citing cases); *Brock v. Tolkow,* 109 F.R.D. 116, 119 (E.D.N.Y.1985). Further, failure to grant a stay may extend discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b); may expose the defense's theory to the prosecution in advance of trial; or may otherwise prejudice the criminal case. *See In re Pharmaceutical, Inc.,* 133 F.R.D. at 13 (citing *Dresser,* 628 F.2d at 1376); *Brock,* 109 F.R.D. at 119.

In the instant case, there are overlapping issues in the criminal and civil cases. In addition, Drayer and Besser have already been indicted, and both have invoked their Fifth Amendment privileges.

Drayer and Besser contend that proceeding with discovery would force them in the uncomfortable position between choosing to waive their Fifth Amendment privilege, risking self-incrimination, or to invoke it, not only preventing them from adequately defending their position but subjecting them to adverse inferences. Although it is not unconstitutional to force a party to choose between invoking his Fifth Amendment rights and risking adverse inferences in a civil action, *see, e.g., Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976); *United States v. Rubinson,* 543 F.2d 951, 961 (2d Cir. 1976), *cert. denied,* 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976), the risk of impairing the party's Fifth Amendment rights presents a stronger case for staying discovery, particularly when there are similar issues between the civil and criminal cases, as in this case. *See Gala Enterprises,* 1996 WL 732636, at *3. Accordingly, the Court finds that a stay of discovery as to Drayer and Besser is appropriate to preserve their Fifth Amendment rights.

■ With respect to RW Professional, it is well established that corporations do not have a Fifth Amendment privilege against self-incrimination. *Dreier v. United States,* 221 U.S. 394, 399–400, 31 S.Ct. 550, 550, 55 L.Ed. 784 (1911); *SEC v. First Jersey Securities, Inc.,* 843 F.2d 74, 76 (2d Cir.1988). RW Professional claims that the only employees capable of responding to discovery are the individual defendants. As a result, RW Professional argues that it cannot defend itself in the instant action without the assistance of Drayer and Besser and it will suffer prejudice if the individual defendants invoke their Fifth Amendment privilege. In addition, like Drayer and Besser, the indictment against RW Professional is based on similar allegations as in the civil case.

Further, as a practical matter, the defendants argue that the government's sei-

zure of substantially all of RW Professional's books and records impedes the corporate defendant's ability to respond to any discovery or prepare its defense. Also, because Drayer and Besser are central figures in the instant action, a partial stay as to the individual defendants could lead to duplicative depositions because the plaintiff may need to re-depose certain individuals depending on the testimony given by Drayer and Besser. Considering these factors, the Court finds that a stay of discovery as to RW Professional is warranted.

Having reviewed the parties' submissions, it is hereby

**ORDERED**, that the defendants' motion for a protective order staying all discovery in the civil case is **GRANTED**; and it is further

**ORDERED**, that the stay is in effect only until the resolution of the criminal proceedings against the defendants; and it is further

**ORDERED**, that the plaintiff may move to vacate the stay if changes in circumstances so warrant.

**SO ORDERED**.