# Third District Court of Appeal
## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2369
Lower Tribunal No. F21-13390
_____

**Jose A. Gonzalez, etc., et al.,**
Appellants,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Lagos & Priovolos PLLC, and Christos Lagos, for appellants.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Bellis v. U.S., 417 U.S. 85, 100 (1974) ("It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be"); State v. Wellington Precious Metals, Inc., 510 So. 2d 902 (Fla. 1987).  See also Braswell v. U.S., 487 U.S. 99 (1988) (holding corporations are not protected by the Fifth Amendment and rejecting Braswell's claim that his corporation was so small that the act of producing the documents had testimonial significance); U.S. v. Doe, 465 U.S. 605 (1984); U.S. v. Stein, Case No. 21-20321-CR-ALTONAGA/TORRES, 2021 WL 3129628 at *3-4 (S.D. Fla. July 23, 2021) (confirming that a records custodian, the sole employee and officer of two LLCs, must comply with a subpoena for corporate records even if such records are incriminating, and noting "Defendant could have chosen to form his companies as an unincorporated sole proprietorship and enjoyed the benefits of the privilege against self-incrimination.  But that is not what Defendant chose to do. He opted instead for the corporate form and to gain the benefits that came with that establishment. Defendant 'cannot now disregard the corporate form to shield his business records from production' because, even as the sole principal of a corporation, every appellate court that has considered the question leftover in Braswell has concluded that it applies to one-person corporations" (internal citations omitted)).