345 So.2d 849 (1977)
Crezencia GERRARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-849.
District Court of Appeal of Florida, Third District.
May 10, 1977.
*850 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
This is an appeal by the defendant, Crezencia Gerrard, from a conviction of four counts of breaking and entering, two counts of grand larceny and one count of petit larceny, and sentence to ten years in the state penitentiary to be followed by five years probation. The conviction and sentence were entered after a jury trial.
The record reflects that as Gerrard and her three year old daughter were leaving an apartment building, a police officer stopped her for field investigation because she matched the description of a female who had committed several recent burglaries. Two more officers arrived on the scene and requested Gerrard to come to the police station for fingerprinting. She was advised that she had the choice to go or not, and she chose to go voluntarily. At the station, after being advised that she did not have to permit the police to fingerprint her, she signed a waiver form and allowed herself to be fingerprinted. She was then taken home. Later that same day, Gerrard was arrested at her residence based on comparisons between her fingerprints and latent prints found at the burglary scenes. She was charged with eight counts of breaking and entering, grand larceny and petit larceny.
During the trial, defense counsel made an oral motion to suppress the set of fingerprints taken at the police station on the ground that it was illegally obtained without a warrant, and in violation of the defendant's right to be free from unreasonable searches and seizures. Testimony on the motion was heard out of the presence of the jury, at the conclusion of which, the court made a finding that Gerrard voluntarily submitted herself to being fingerprinted, stating:
"All right. I'm going to deny the motion.
I'm satisfied that the consent was, in fact, that, a consent, and that it was freely and voluntarily given.
I'm satisfied that the advice that was given while it wasn't elaborate was adequate and I'll deny the motion to suppress as a motion to suppress.
Are there any other objections to the introduction of the fingerprints?"
Defense counsel: "No, Judge."
In our opinion, the trial court's ruling was amply supported by the uncontroverted testimony in the record. The only evidence before the court on the issue of consent was the testimony of two police officers and the waiver form signed by Gerrard. That evidence established that Gerrard voluntarily agreed to go to the station, *851 even though one of the officers told her that she did not have to go; and that once there, she voluntarily consented to the taking of the fingerprints.
The determination of the voluntariness of the consent given by the defendant is one of fact and is primarily a question for the trial judge, whose determination must be accepted on appeal unless clearly erroneous. See James v. State, 223 So.2d 52 (Fla. 4th DCA 1969). As stated in a concurring opinion in Rodriguez v. State, 189 So.2d 656, 660 (Fla. 3d DCA 1966), the trial court's ruling on a motion to suppress comes to the appellate court with a presumption of correctness and, in testing the accuracy of the trial court's conclusions, the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain those conclusions.
Affirmed.