346 So.2d 1214 (1977)
Louis NOVA, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-959.
District Court of Appeal of Florida, Third District.
May 17, 1977.
Rehearing Denied June 20, 1977.
Bernard S. Yedlin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Appellant was charged by indictment with the stabbing death of Belinda Revel. A jury found him guilty of first degree murder and he was sentenced to life imprisonment.
Appellant raises two points on appeal. The first point refers to an alleged error of the trial judge in admitting the testimony of one Juanita Bentley, a co-worker-supervisor of the deceased, concerning the contents of a telephone conversation she heard between the deceased and appellant. The second point is directed to both the sufficiency *1215 and quality of the evidence introduced at trial to sustain a conviction for first degree murder.
Juanita Bentley testified at trial that both she and the deceased worked at a medical clinic in Hialeah, Florida. On the morning of October 12, 1974, prior to the time the deceased reported for work, Miss Bentley had answered three telephone calls from the same caller, asking for the deceased. When the deceased arrived at work, at 10:00 A.M., the same caller spoke to her and, as observed by Miss Bentley, the deceased became upset and began to cry.
Approximately five minutes later, the same man called again and asked for the deceased. (The caller's voice was identified as appellant's and was never denied by him). Juanita Bentley asked the deceased if she could listen in on the conversation between her and appellant. The deceased allegedly said yes, and Miss Bentley, unknown to appellant, lifted up the extension and listened to a part of the conversation.
According to Miss Bentley's testimony, the deceased told appellant that "she had a new man and not to bother her again." The appellant allegedly replied that if she did not see him when "he got off from work, he was going to kill her god damn ass." At this point Miss Bentley immediately hung up the phone, although the conversation continued for a few minutes longer. Over objection, the above testimony was admitted.
Appellant contends that Section 934.03(2)(d) Florida Statutes (1975), which prohibits the interception of oral or wire communication by a person unless "all of the parties to the communication have given prior consent to such interception" controls and that pursuant to Section 934.06, Florida Statutes (1975), no part of the contents of such communication could be received at trial.
Appellee, the State of Florida, contends that there was no interception of the contents of the conversation, within the meaning of the above statutory section. Section 934.02(3) defines "intercept" to mean the "aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." Subsection (4)(a) of the above statute excludes telephones used in the ordinary course of business from the classification of "electronic, mechanical, or other device."
Appellee states that the question to be resolved by this court is whether or not the acquisition of the contents of the communication by Juanita Bentley was accomplished through telephone equipment used in the ordinary course of business. We hold that it was not and therefore, the contents of the conversation should have been excluded.
While Juanita Bentley was Belinda Revel's supervisor, we are convinced that her "eavesdropping" was not done in her capacity as supervisor but was instead satisfying her curiosity. As Miss Bentley, herself, stated, "I just wanted to know who it was that was calling her." Miss Bentley also testified that she found it "funny" that an older man, appellant, age 53, was continuously calling a younger woman, the deceased, age 22.
In conclusion, we are of the opinion that the telephone extension used by Miss Bentley for the above reasons was not used in the ordinary course of business; and thus, testimony concerning the contents of the intercepted communication should not have been allowed at trial, pursuant to Section 934.06, Florida Statutes (1975). See United States v. Harpel, 493 F.2d 346 (10th Cir.1974); Horn v. State, 298 So.2d 194 (Fla. 1st DCA 1974). In addition, we believe the above testimony played such a large part in the State's case against appellant  i.e. motive, that the admission of said testimony amounted to reversible error.
Having so ruled on appellant's first point, we need not reach the merits of the second point.
Reversed and remanded for new trial.