PER CURIAM.
This appeal is taken by defendant, Fletcher Everett, from a conviction of uttering a forged instrument and petit larceny.
Defendant first urges as reversible error the trial court permitting the prosecution to introduce into evidence handwriting exemplars obtained from him after he had been compelled to appear at the police station prior to the filing of formal charges in violation of his right to be free from unreasonable seizure of his person.
The underlying issue of fact is whether these handwriting exemplars were obtained by coercion or were voluntarily given by the defendant. At the trial, defense counsel moved to suppress the handwriting exemplars on the ground of coercion. A hearing was held outside the presence of the jury and the record reflects that Officer Nelson, the lead investigator, telephoned the defendant and requested that he and his wife come down to the police station to discuss the case. Nelson also informed defendant that if he did not come, he would continue his investigation which could be the cause to have an arrest warrant issued for him. Subsequently, defendant and his wife did come to the station; however, since Nelson was on vacation, Officer Hughes advised defendant of his constitutional rights (since he was a suspect) and then discussed the case with him. Defendant and his wife also gave Hughes handwriting exemplars. Hughes denied making any threats or promises to them in obtaining the exemplars. Defendant did not testify and the trial court denied the motion to suppress.
The contention that defendant was compelled to come to the police station as a result of his telephone conversation with Officer Nelson is nothing more than mere speculation, and we conclude that defendant voluntarily went to the police station and gave samples of his handwriting to Officer Hughes. Cf. U. S. v. Brunson, 549 F.2d 348 (5th Cir. 1977). Further, the determination of the voluntariness of the consent given by the defendant was a question of fact initially for the trial court to decide. There being substantial competent evidence to support the court’s determination of vol-untariness, we will not disturb this denial of the motion to suppress on appeal. See Gerrard v. State, 345 So.2d 849 (Fla. 3d DCA 1977).
We also considered defendant’s remaining points on appeal and find no merit therein.
Affirmed.