361 So.2d 411 (1978)
STATE of Florida, Petitioner,
v.
Louis NOVA, Respondent.
No. 51921.
Supreme Court of Florida.
July 27, 1978.
*412 Robert L. Shevin, Atty. Gen., Tallahassee, and Ira N. Loewy, Asst. Atty. Gen., Miami, for petitioner.
Bernard S. Yedlin, Miami, for respondent.
ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court in Nova v. State, 346 So.2d 1214 (Fla. 3d DCA 1977), which directly conflicts with Gerrard v. State, 345 So.2d 849 (Fla. 3d DCA 1977); State v. Roman, 309 So.2d 12 (Fla. 4th DCA 1975), cert. dismissed 312 So.2d 761 (Fla. 1975); and Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd 329 So.2d 270 (Fla. 1976), which hold that, on a motion to suppress, the trial judge's conclusions of fact come to the reviewing court clothed with a presumption of correctness, and in testing the accuracy of these conclusions, the appellate court must interpret the evidence and all reasonable deductions and inferences which may be drawn therefrom in the light most favorable to the trial judge's conclusions.
We have jurisdiction pursuant to Article V, Section 3(B)(3), Florida Constitution.
In the present case, the defendant, Louis Nova, was tried, convicted and sentenced to life imprisonment for the first degree murder of his girl friend, Belinda Revel. The defendant filed a pre-trial motion to suppress the testimony of Juanita Bentley concerning a threat he made against Belinda Revel during a telephone conversation he had with Revel prior to her death, which conversation was overheard by Bentley on an extension telephone. The motion to suppress was denied by the trial court.
The defendant raised two issues on appeal: whether the trial court erred in denying his motion to suppress Bentley's testimony concerning the telephone conversation and whether the evidence was sufficient to support his conviction for first degree murder. The District Court reversed as to the first point but did not reach the second. After determining that Juanita Bentley's testimony did not fall within the exclusion of Section 934.02(4)(a), Florida Statutes (1975), the District Court held that Bentley's testimony should have been suppressed. It expressly found:
While Juanita Bentley was Belinda Revel's supervisor, we are convinced that her "eavesdropping" was not done in her *413 capacity as supervisor but was instead satisfying her curiosity. As Miss Bentley, herself, stated, "I just wanted to know who it was that was calling her." Miss Bentley also testified that she found it "funny" that an older man, appellant, age 53, was continuously calling a younger woman, the deceased, age 22.
In this case, the District Court, on a factual issue, substituted its judgment for that of the trial court and, thereby, created conflict with the above cited decisions.
On the merits of the appeal, we conclude that the decision of the District Court is wrong and should be reversed. Section 934.06 provides:
Prohibition of use as evidence of intercepted wire or oral communications.  Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter.
The word "intercept" is defined in Section 934.02(3):
"Intercept" means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device; ...
The term "electronic, mechanical, or other device" is defined in Section 934.02(4)(a) as any device or apparatus which can be used to intercept a wire or oral communication other than:
Any telephone or telegraph instrument, equipment or facility or any component thereof furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business, or being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties; ...
The determinative issue is whether the exclusion provided by Section 934.02(4)(a) is applicable. After a lengthy evidentiary hearing, the trial court concluded that Bentley was acting in her capacity as Revel's supervisor when, with Revel's consent, she listened in on the telephone conversation between Revel and the defendant. The defendant's telephone call was made to Revel at her place of employment and was received by her on a company telephone. A previous telephone call to Revel from the defendant that same morning had left her visibly upset. The trial judge found that it was reasonable for Bentley, as Revel's supervisor, to listen on the phone in order to find out why Revel was so upset. He concluded that Bentley's use of the telephone in this instance was for the benefit of her employer and was in the ordinary course of business, and he found that the exclusion provided by Section 934.02(4)(a) was applicable. From review of the record, we conclude that the holding of the trial court is supported by competent substantial evidence. When the District Court found that Bentley's "eavesdropping" was not done in her capacity as supervisor but was, instead, satisfying her curiosity, it substituted its judgment for that of the trial court, and in so doing, it erred.
On the second issue, after review of the record, we conclude that the evidence is sufficient.
Accordingly, the decision of the District Court is quashed and this cause is remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.