MILLS, Judge.
Strapp appeals from a judgment of guilty in a felony case contending the trial court erred in denying his motion for discharge for lack of a speedy trial. We affirm.
On the day before the trial, the State moved for a continuance under Rule 3.191(f), Florida Rules of Criminal Procedure. Strapp waived a hearing on the continuance. The trial court granted a continuance telephonically. On a date after speedy trial time had run, the trial court signed a written order granting the continuance under Rule 3.191 nunc pro tunc to a date before speedy trial time had run.
The trial court in fact must extend the speedy trial time. It may not retroactively find that an earlier continuance was for exceptional circumstances. Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981). A continuance is not an automatic extension. Stuart v. State, 360 So.2d 406 (Fla. 1978).
Under the facts of this case,[1] the State moved for an extension, Strapp agreed, and the trial court orally entered the order. A defendant will not be permitted to build in error by waiving a hearing and then complaining that the order is not of record. The State’s motion was inartfully worded. It did, however, recite exceptional circumstances under Rule 3.191. The only purpose in such a recital was for an extension. We will not, treat “extension” as a magic word whose omission voids the motion.
It is also poor practice for the order granting the motion not to be of record. Rule 3.191(d)(2) requires the order to be of record when on a motion or by the court but not when upon a stipulation announced to the court. We have the last situation here.
There is no dispute that exceptional circumstances did exist under Rule 3.191(f). Subsection (f) requires an order, but does not require it to be in writing or on the record.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.

. MOTION TO CONTINUE
The State of Florida, by and through the undersigned Assistant State Attorney, moves this Honorable Court for entry of an Order continuing trial in the above cause, pursuant to Rule 3.191(f), Florida Rules of Criminal Procedure, and as grounds therefor alleges as follows:
1. Unexpectedly Sgt. M.E. Shaw, a witness for the State, was admitted to the Lake City Veteran’s Administration Hospital on Tuesday, August 18,1981, with chest pains, and as of the time of this Motion, in satisfactory condition, but cannot attend trial on August 19, 1981.
2. Shaw’s presence is uniquely necessary for a full and adequate trial in that he is the State’s main witness to the Defendant’s threats to kill the victim, and further js in the chain of custody for the knife which the Defendant is charged with possessing.
3. Defense counsel has no objections to such continuance and has verbally waived notice of hearing on the Motion.