BASKIN, Judge.
Appellant Wallace Porter was tried and convicted of first degree murder and kidnapping. His appeal led to our ruling[1] that the trial court erred in admitting certain statements Porter made to police. We also held that the trial court failed to determine that other statements had been made voluntarily. Accordingly, we reversed Porter’s convictions, remanded the cause for a determination as to whether those statements had been given voluntarily and we ordered a new trial. Upon remand the trial court decided that Porter’s statements had been made freely and voluntarily. Porter was then tried and convicted of manslaughter and kidnapping.
In this appeal Porter takes issue with the trial court’s ruling admitting the statements. In addition, he maintains that the trial court erred in extending the speedy trial period based upon exceptional circumstances resulting from the fact that two detectives who were scheduled to testify at Porter’s trial were themselves on trial in federal court. We find no merit in either contention and affirm.
The trial court decided the issue of voluntariness upon the transcript of the initial hearing on the motion to suppress the statements and some additional testimony. The court provided Porter with an opportunity to present other evidence, but Porter declined to do so. Viewing the evidence most favorably to the trial court’s ruling, State v. Nova, 361 So.2d 411 (Fla.1978), we hold that the state carried its burden of proving by a preponderance of the evidence, Ross v. State, 386 So.2d 1191 (Fla.1980), that the confession was made voluntarily.
Next, we address the speedy trial question. Following Porter’s first appeal and the issuance of our mandate, he was entitled to be retried within 90 days. Our mandate was issued on March 16, 1982. However, on May 17, 1982, the state requested a continuance because the two detectives who were to testify at Porter’s retrial had been indicted and were in trial. If called to testify, they would invoke their Fifth Amendment privileges. Consequently, the trial court found that exceptional circumstances permitting an extension of *300 time were present, Florida Rule of Criminal Procedure 3.191(f)[2] and, over objection, continued the trial until August 30, 1982. On July 12, the trial court denied Porter’s motion for discharge, finding that exceptional circumstances were still present. Porter filed a demand for speedy trial on July 16, 1982, necessitating that he be brought to trial within 60 days, Florida Rule of Criminal Procedure 3.191(a)(2), but on July 20 the trial court announced continuing exceptional circumstances. On August 30, upon learning that the detectives were still in trial, the state filed a formal motion to extend the speedy trial period and the court again found exceptional circumstances. The court extended the speedy trial time to October 21, 1982. On September 24 and on October 15, the trial court denied motions for discharge. Trial was held on October 19, 1982 and resulted in a jury verdict finding Porter guilty of manslaughter and kidnapping. Porter challenges both the form and the substance of the trial court’s orders extending the speedy trial period.
Extensions of times for commencing trial under the speedy trial rule are permitted by Florida Rule of Criminal Procedure 3.191(d)(2), which states:
(d)(2). When Time May Be Extended. The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. . Such an extension may be procured: (i) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, or (ii) by written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in section (f), or (iii) by written or recorded order of the court with good cause shown by the accused, or (iv) by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for appeals by the State, and for trial of other pending criminal charges against the accused.
The rule permits an extension by written or recorded order of the court on its own motion. The order need not contain the word “extension” in order to be valid, see Strapp v. State, 435 So.2d 924 (Fla. 1st DCA 1983), if it informs the parties of the effect of the court’s ruling. Although the trial court may not find retroactively that an earlier continuance was predicated upon exceptional circumstances, Strapp; Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981), an earlier finding of exceptional circumstances may be extended.
Porter asserts that the trial court erred in declaring exceptional circumstanc *301 es. He contends that the detectives’ invocation of the Fifth Amendment would not have rendered them unavailable. We disagree. Whether or not the state met the unavailability of testimony test of Rule 3.191(f)(3), see generally, United States v. Dichne, 612 F.2d 632 (2nd Cir.1979), cert. denied, 445 U.S. 928, 100 S.Ct. 1314, 63 L.Ed.2d 760 (1980), it satisfied Rule 3.191(f)(4) by showing a necessity for delay based upon developments which were not anticipated but which would materially affect the trial. Accordingly, we find no error in the trial court’s finding of exceptional circumstances.
For these reasons we affirm the convictions.

. Porter v. State, 410 So.2d 164 (Fla. 3d DCA 1982).

. (f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (2) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this Rule; (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (6) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.