PER CURIAM.
We affirm the trial court’s order suppressing cocaine found in the trunk of defendant’s car. The trial court did not commit reversible error in ruling that, notwithstanding the officers’ testimony that defendant voluntarily opened the trunk, defendant, as he testified, did not do so and did not consent to the search of the trunk. See Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988) (“The settled law governing review of a trial court’s decision on a motion to suppress is that the ruling comes to the appellate court with a presumption of correctness and a reviewing court should not substitute its judgment for that of a trial court, but, rather, should defer to the trial court’s authority as a factfinder. Review of the record shows that the case was based on sharply conflicting testimony on the consent question, which was solely for the trial judge ... — not this court — to resolve.”). (Citations and footnote omitted.)
Affirmed.
RYDER, A.C.J., LEHAN, J., and CLAIRE K. LUTEN, Associate Judge, concur.