ROYAL HEALTH CARE SERVICES, INCORPORATED, d/b/a Best Care, Plaintiff–Appellant,

v.

JEFFERSON–PILOT LIFE INSURANCE COMPANY, Defendant–Appellee.

Nos. 90–5204, 90–5514.

United States Court of Appeals, Eleventh Circuit.

Feb. 21, 1991.

Arnold R. Ginsberg, Perse & Ginsberg, Miami, Fla., for plaintiff-appellant.

Carol A. Fenello, Kimbrell & Hamman, Miami, Fla., for defendant-appellee.

Before COX and BIRCH, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This is a diversity case in which plaintiff Royal Health Care Services, Inc. (Royal Health) sued defendant Jefferson–Pilot

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-tion.

Life Insurance Company (JP Life) pursuant to the Florida Security of Communications Act (the Act)[1] for the unauthorized recording of a telephone conversation. JP Life moved for summary judgment and the district court granted the motion. Royal Health appeals that determination.

## I. FACTS

In September 1987 a JP Life employee who was in North Carolina called Royal Health's Miami, Florida office. The ensuing conversation was recorded pursuant to a JP Life policy that all outgoing calls from its case management department (which is responsible for ensuring that services to JP Life's insured are rendered in a cost-effective manner) be automatically recorded on a double-reeled tape recorder. The Royal Health employees who spoke with the JP Life employee were never told they were being recorded, and they never consented to such recording. JP Life's telephone system did, however, emit a periodic beep during the call. The call concerned a bill submitted to JP Life for a patient under the care of Royal Health.

## II. PROCEDURAL HISTORY

Royal Health sued JP Life for unauthorized interception of an oral communication under section 934.10 of the Act. Royal Health sought compensatory and punitive damages. JP Life moved for summary judgment, contending that no interception took place. The district court granted JP Life's motion, holding that Royal Health had not established a genuine issue of material fact regarding an essential element of its case, that an interception took place.

## III. CONTENTIONS AND ISSUE ON APPEAL

Royal Health argues that Florida law requires the consent of both parties to a telephone conversation before that conversation may be recorded and that because

---

**1.** Fla.Stat.Ann. §§ 934.01–934.43 (West Supp. 1990).

**2.** Fla.Stat.Ann. § 934.02(4)(a) (West Supp.1990).

Royal Health's employees did not consent to being recorded, JP Life violated Florida law. Royal Health asserts that the Supreme Court of Florida's decision in *State v. Tsavaris*, 394 So.2d 418 (Fla.1981), controls the outcome of this case. JP Life asserts that because the business extension exception[2] applies to the phone call in question, no interception occurred under the Act, and therefore JP Life cannot be held liable.[3] We must decide if the district court was correct in its determination that no interception occurred in this case.

## IV. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). There are no disputed issues of material fact here. The only controversy concerns the proper application of Florida law to those facts.

The proper interpretation of the Act is a question of Florida law. Therefore, federal courts are required to construe the Act as would the Supreme Court of Florida. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990); *Oriental Imports & Exports, Inc. v. Maduro and Curiel's Bank, N.V.*, 701 F.2d 889, 890–91 (11th Cir.1983). We begin with an examination of the statutory scheme, and then proceed to a review of the relevant case law.

Royal Health alleges a claim under section 934.10 of the Act. That provision creates a civil remedy for "[a]ny person whose wire, oral, or electronic communication is intercepted ... in violation of [sections] 934.03–934.09." Fla.Stat.Ann. § 934.10 (West Supp.1990). To be liable to Royal Health, therefore, JP Life must have intercepted the phone call. "Intercept" is

---

**3.** JP Life makes other arguments we need not address because we will affirm on the issue of whether an interception took place under Florida law.

defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla.Stat.Ann. § 934.02(3) (West Supp.1990). To intercept a communication, then, an "electronic, mechanical or other device" must be used. "Electronic, mechanical, or other device" is defined as:

> (4) ... any device or apparatus which can be used to intercept a wire, electronic, or oral communication **other than:**
>
> > (a) Any telephone or telegraph instrument, equipment or facility or any component thereof:
> >
> > > 1. Furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business....

Fla.Stat.Ann. § 934.02(4)(a) (West Supp. 1990) (emphasis added).

The exception to the definition of "electronic, mechanical, or other device" is commonly referred to as the business extension exception or the extension phone exception. Under the plain meaning of the statute, if this exception is met, then no interception occurred and there can be no liability under section 934.10. The exception has two prongs. First, the communication must be intercepted by equipment furnished by a provider of wire or electronic communication service in the ordinary course of its business. Second, the call must be intercepted in the ordinary course of business.

Royal Health concedes that the telephone used by the JP Life employee was supplied by a provider of wire or electronic communication service (Southern Bell) in the ordinary course of its business.[4] Royal Health contends, however, that the interception was actually made by the tape recorder, not the telephone.[5] We disagree. We believe the telephone extension intercepted the call,[6] while the tape recorder recorded it. *State v. Nova*, 361 So.2d 411 (Fla.1978), supports our conclusion. There, the Supreme Court of Florida reviewed a case in which an employee's supervisor listened in to one of the employee's phone calls, but did not record the conversation. The court assumed that under the statute an interception could occur without the call being recorded and focused on the question of whether the call was made in the ordinary course of business. *Id.* at 413. Therefore, since a call need not be recorded to be intercepted, the phone extension must be the device that intercepts the call.[7] Federal case law interpreting the Federal Wiretap Act[8] lends further support to this conclusion. In *Epps v. St. Mary's Hospital, Inc.*, 802 F.2d 412 (11th Cir.1986), our circuit rejected the precise argument Royal Health advances here. In *Epps*, a hospital employee recorded a phone call between Epps and another hospital employee. The call was received through a telephone console and recorded by a double-reeled tape recorder. The court decided that the console, not the recorder, intercepted the call. *Id.* at 415. *See also United States v. Harpel*, 493 F.2d 346, 350 (10th Cir.1974) (where phone call is recorded by attaching suction cup to telephone receiver and connecting it to a tape recorder, telephone receiver is intercepting device, not recorder).

---

**4.** *See* Appellant's Brief at 9.

**5.** Royal Health made this argument to the district court, but timidly pursues it on appeal. *See* Appellant's Brief at 26–27. Nevertheless, we have a practice of reading briefs liberally to ascertain the issues on appeal, *United States v. Milam*, 855 F.2d 739 (11th Cir.1988), and we will therefore address the argument.

**6.** Our use of the term "intercepted" here is in accordance with its common meaning, not as it is defined by the Florida statute we are examining. We conclude later in this opinion that under the statute, no interception took place.

**7.** *See also State v. Keaton*, 371 So.2d 86, 91 n. 7 (Fla.1979) (in dicta, Supreme Court of Florida indicated prosecution could be based on testimony of a person not a party to a telephone conversation, if the complainant listened in in the ordinary course of business).

**8.** 18 U.S.C.A. §§ 2510–2521 (West Supp.1990).

■ Having concluded that the telephone extension intercepted the call in this case, we next decide whether the call in question was intercepted in the ordinary course of business. That determination is an easy one. The recording occurred pursuant to a standard JP Life policy; Royal Health does not dispute this. Nor does Royal Health contend the call was personal in nature. A review of the transcript of the call reveals that the entire call concerned charges by Royal Health for services provided to a patient insured by JP Life. The only conclusion that may be drawn is that the call was intercepted in the ordinary course of business.

We conclude, therefore, that both prongs of the business extension exception are satisfied and that the exception applies. No interception, as defined by the Act, occurred and the district court was correct in granting JP Life's motion for summary judgment.

Once again *State v. Nova,* 361 So.2d 411 (Fla.1978), supports our overall method of analysis. In that case, the court had to decide whether the trial court's determination that testimony of a murder victim's supervisor should not be suppressed was correct. The supervisor had listened in on a phone call that the victim received from the murderer while at work. The court proceeded exactly as we have in deciding whether an interception took place, first noting the definition of "intercept," then setting out the definition of "electronic, mechanical, or other device," and the business extension exception. The court then decided the call was intercepted in the ordinary course of business because the supervisor used the phone "for the benefit of her employer." *Id.* at 413. Therefore, the exception applied, no interception took place, and the trial court's decision not to suppress the testimony was vindicated.

Likewise, federal cases interpreting the Federal Wiretap Act have reached similar results. In *Briggs v. American Air Filter Co.,* 630 F.2d 414 (5th Cir.1980),[9] a supervisor listened in on a telephone extension to an employee's phone conversation. The employee sued under the Federal Wiretap Act provision that corresponds to the provision in the Florida Act that Royal Health sued under. The court affirmed the district court's determination that summary judgment should be granted in favor of the defendants because the business extension exception to the federal act was applicable. The analysis employed was the same common-sense analysis we employ in this case, beginning with the statutory definitions of the key terms and proceeding to a discussion of the business extension exception. The court concluded that because the act of listening in was in the ordinary course of business, the exception applied, and no interception took place.

Royal Health, of course, takes issue with the district court's conclusion that under Florida law no interception took place. Royal Health's brief almost completely ignores the applicability of the business extension exception and instead calls our attention to the Supreme Court of Florida's decision in *State v. Tsavaris,* 394 So.2d 418 (Fla.1981). Royal Health contends that Florida law evinces a strong interest in the protection of the privacy of telephone calls and that this interest is evidenced by Florida's two-party consent rule.[10] Royal Health further argues that because federal law contains a single-party consent rule,[11] federal case law is inapposite in analyzing the Florida statute at issue.

We are convinced that *Tsavaris* does not require a different result than the one we reach. We agree that *Tsavaris* says that the Florida statute "evinces a greater concern for the protection of one's privacy interests in a conversation than does the

---

9. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10. *Assuming no exception applies, under Florida law both parties to a phone call must con-* sent before that call may be recorded. Fla.Stat. Ann. § 934.03(2)(d) (West Supp.1990). *See also Tsavaris,* 394 So.2d at 422–23.

11. *See* 18 U.S.C.A. § 2511(2)(d) (West Supp. 1990).

[Federal Wiretap Act]." *Tsavaris*, 394 So.2d at 422. We also agree that Florida does indeed have a two-party consent rule. But we disagree with Royal Health's contention that all federal case law dealing with the Federal Wiretap Act is inapposite. The Historical Note that follows the legislative findings section of the Act[12] indicates that, "[w]ith one exception[13] the state law follows closely the federal act." In addition, the language of the Florida Act's business extension exception is **identical** to the language of the business extension exception in the federal Act.[14] Finally, were we to agree with Royal Health's contention that the call in question was intercepted because only one party consented to the recording, we would write the business extension exception out of the Florida Act. We see no reason to assume the Florida Legislature intended the exception to be meaningless when the plain language of the Act indicates otherwise.[15] For these reasons, we find Royal Health's arguments unconvincing.

### V. CONCLUSION

We therefore AFFIRM the district court's grant of summary judgment in favor of defendant Jefferson–Pilot Life Insurance Company.[16]

AFFIRMED.

**12.** Fla.Stat.Ann. § 934.01 (West 1985).

**13.** The exception noted is not relevant to our discussion.

**14.** *See Horn v. State*, 298 So.2d 194, 198 (Fla. 1st Dist.Ct.App.1974) (noting similarity of Florida Security of Communications Act and Federal Wiretap Act).

**15.** *Cf. Briggs v. American Air Filter Co.*, 630 F.2d 414, 419 (5th Cir.1980) ("We do not believe Congress intended the exception to be superfluous, and therefore there must be some circumstances under which non-consensual intercep-

tion falls within the 'ordinary course of business' exception.").

**16.** Royal Health's appeal of the district court's summary judgment decision is assigned case number 90–5204 in this court. Royal Health also appeals the district court's award of costs to JP Life, and that appeal is assigned case number 90–5514. In its Motion to Consolidate, appellant acknowledges that an affirmance in case number 90–5204 should prompt an affirmance in case number 90–5514. The judgment of the district court awarding costs to JP Life is therefore affirmed.