WOLF, Judge.
The state appeals from an order suppressing certain evidence given to a police officer by the appellee at the time of his arrest for possession of alcohol by a minor. The state asserts on appeal that the failure to give Miranda warnings did not require suppression of the evidence in question because (1) appellant was not in custody at the time of the statements; (2) the information requested by the police officer was information related to routine booking procedures; and (3) the information contained in appellee’s driver's license was not testimonial in nature. From the record before us, we cannot determine that the trial court reversibly erred; therefore, we affirm.
A limited record of the proceedings in the trial court has been provided. The recording of the suppression hearing is inaudible. The only record before this court concerning the suppression hearing is a stipulation of the parties and the order of the trial court. In the stipulation, the parties agreed that the officer testified that he took appellee into custody for possession of alcohol by a minor prior to requesting the evidence in question. In the trial court’s order, the judge indicated that “the court is aware of the case law that does not require Miranda warnings prior to receiving information resulting from routine booking questions.” See Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Pennsylvania v. Muniz, — U.S. -, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). The judge apparently determined that the evidence was not obtained as a result of routine booking questions and procedures. Also inherent in the court’s order is a finding that under the circumstances of this specific case the requested production of the driver’s license was part of a custodial interrogation and the information contained therein was testimonial in nature. Cf. State v. Wellington Precious Metals, 510 So.2d 902 (Fla.1987).
The decision of the trial court and the court’s findings of fact on a motion to suppress are clothed with a presumption of correctness. State v. Nova, 361 So.2d 411 (Fla.1978). All reasonable deductions and inferences which may be drawn therefrom must be interpreted in the light most favorable to the trial judge’s conclusions. State v. Nova, supra; Wasko v. State, 505 So.2d 1314 (Fla.1987); State v. Bravo, 565 So.2d 857 (Fla. 2nd DCA 1990). The burden is on the appellant to produce a sufficient record to demonstrate reversible error. Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982). In the instant case, the state has failed to *255 provide a record which would justify a reversal.
In light of the stipulation, we find that the state’s argument in regard to custody is without merit. We also are unable, from the record before this court, to determine that the inherent factual findings in the lower court’s order regarding the nature of the encounter were unsupported.
We, therefore, affirm.
KAHN, J., concurs.
BOOTH, J., dissents.