Mr. Keith I. Chandler, President Brevard County Association of Chiefs of Police Post Office Box 560388 Rockledge, Florida 32956-0388
Dear Mr. Chandler:
You have asked for my opinion on substantially the following question:
Does the "business extension" exception discussed in the case ofRoyal Health Care Services, Inc. v. Jefferson-Pilot LifeInsurance Company, 924 F.2d 215 (11th Cir. 1991), permit law enforcement agencies to record incoming and outgoing nonemergency telephone calls made by agency personnel in the course of day-to-day business?
In sum:
The "business extension" exception or "extension phone" exception is not applicable to law enforcement agencies and the authority of these agencies to record telephone calls is governed by section934.03(2)(g), Florida Statutes, which provides that a law enforcement agency may intercept incoming and outgoing calls on its emergency telephone numbers only.
According to your letter, each municipal police department in Brevard County is purchasing new communications equipment. You note that this office rendered Attorney General's Opinion 85-5, which concluded that a municipal police department could lawfully record incoming calls to the department's lines that had been listed as emergency telephone numbers, but that the department was not authorized to record outgoing calls on such lines. A federal court case, Royal Health Care Services, Inc. v. Jefferson-PilotLife Insurance Company, 924 F.2d 215 (11th Cir. 1991), has identified a "business extension" exception to Florida's Security of Communications Act, Chapter 934, Florida Statutes (1995), and you ask whether this exception may permit municipal police departments to record incoming and outgoing telephone calls on nonemergency telephone lines. These would include the ordinary day-to-day business calls made by personnel of the agency.
Section 934.03(2)(g), Florida Statutes, has been amended since issuance of the 1985 Attorney General's Opinion and now reads as follows:
"It is lawful under ss. 934.03-934.09 for an employee of:
1. An ambulance service licensed pursuant to s. 401.25, a fire station employing firefighters as defined by s. 633.30, a public utility as defined by ss. 365.01 and 366.02, a law enforcement agency as defined by s. 934.02(10), or any other entity with published emergency telephone numbers, or
2. An agency operating an emergency telephone number `911' system established pursuant to s. 365.171, to intercept and record incoming wire communications; however, such employee may intercept and record incoming wire communications on published emergency telephone numbers only. It is also lawful for such employee to intercept and record outgoing wire communications to the numbers from which such incoming wire communications were placed when necessary to obtain information required to provide the emergency services being requested."
Thus, changes to the statute now authorize law enforcement agencies to intercept and record outgoing telephone calls to those numbers through which emergency incoming telephone calls are placed when it is necessary to obtain information relating to the emergency services that have been requested.
In 1981, the Florida Supreme Court discussed the history and purpose of Florida's Security of Communications Act, Chapter 934, Florida Statutes, and recognized that [w]hile the federal wiretapping legislation envisions that one's right to privacy must be subordinate to law enforcement interests when one party consents to the interception of a conversation, "[t]he [Florida] Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping."[1]
The Court noted that "the Florida act evinces a greater concern for the protection of one's privacy interests in a conversation than does the federal act."[2]
The "business extension" exception or the "extension phone" exception, which is articulated by the Eleventh Circuit Court of Appeals in Royal Health Care Services, Inc. v. Jefferson-PilotLife Insurance Company,[3] creates an exception to the definition of "electronic, mechanical, or other device" in the statute. Under the Security of Communications Act, the interception of a communication must be accomplished by use of an "electronic, mechanical, or other device".[4] The definition of an "[e]lectronic, mechanical, or other device," however, excludes:
"Any telephone or telegraph instrument, equipment, or facility, or any component thereof:
1. Furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business[.]"[5]
As the Eleventh Circuit Court noted:
"Under the plain meaning of the statute, if this exception is met, then no interception occurred and there can be no liability under section 934.10. The exception has two prongs. First, the communication must be intercepted by equipment furnished by a provider of wire or electronic communication service in the ordinary course of its business. Second, the call must be intercepted in the ordinary course of business."[6]
Thus, the "business extension" exception or "extension phone" exception merely restates the language of section 934.02(4)(a), Florida Statutes, and gives it a short, descriptive title. The exception does not represent a princple of law outside the scope of the Security of Communications Act.
It is a generally recognized rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms, and the statute relating to the particular part of a general subject will operate as an exception to or qualification of the general terms of a more comprehensive statute.[7] Thus, in construing statutes, the specific controls over the general.[8]
The "business extension" exception is a general restatement of the terms of section 934.02(4)(a), Florida Statutes. Authorization for law enforcement agencies to record telephone calls is specifically addressed in another, separate statutory provision, section934.03(2)(g), Florida Statutes. Using the rules of construction discussed above and the declared purpose of the Security of Communications Act, it is my opinion that the "business extension" exception or the "extension phone" exception is not applicable to law enforcement agencies seeking to record incoming and outgoing telephone calls on the nonemergency telephone numbers of those agencies.
Therefore, it is my opinion that the "business extension" exception or "extension phone" exception is not applicable to a law enforcement agency and that the authority of a law enforcement agency to record telephone calls is controlled by section934.03(2)(g), Florida Statutes, which provides that a law enforcement agency may only intercept incoming and outgoing calls of the agency on emergency telephone numbers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] State v. Tsavaris, 394 So.2d 418, 422 (Fla. 1981), citingState v. Walls, 356 So.2d at 296 (Fla. 1978).
[2] Id.
[3] 924 F.2d 215 (11th Cir. 1991).
[4] See, s. 934.02(3), Fla. Stat. (1995).
[5] Section 934.02(4)(a), Fla. Stat. (1995). I would also note that the statute recognizes an exemption for wire taps performed by "an investigative or law enforcement officer in the ordinary course of his duties." Section 934.02(4)(a)2., Fla. Stat. (1995).
[6] Royal Health Care, supra fn. 3 at 217.
[7] See, State v. McMillan, 45 So. 882 (Fla. 1908); AmericanBakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); Adams v.Culver, 111 So.2d 665 (Fla. 1959).
[8] See, Pioneer Oil Company, Inc. v. State, Department ofRevenue, 381 So.2d 263 (Fla. 1st DCA 1980), approved401 So.2d 1319 (Fla. 1981).