The Honorable Curtis A. Golden State Attorney First Judicial Circuit of Florida Post Office Box 12726 Pensacola, Florida 32575
Dear Mr. Golden:
You have asked for my opinion on substantially the following question:
Pursuant to Chapter 934, Florida Statutes, would the recording of incoming telephone calls to the State Attorney's Office within M.C. Blanchard Judicial Center be legal with or without notice to the caller that his or her conversation may be recorded for security reasons?
In sum:
Unless the State Attorney's Office is intercepting and recording telephone calls to published emergency telephone numbers as provided in section 934.03(2)(g), Florida Statutes, or has obtained a court order pursuant to sections 934.07 and 934.09, Florida Statutes, on the basis that such interception may provide or has provided evidence of the commission of certain crimes, the State Attorney's Office is not authorized under the Security of Communications Law, Chapter 934, Florida Statutes, to record incoming telephone calls made to that office either with notice or without notice to the caller that his or her conversation is being recorded.
According to your letter, the M.C. Blanchard Judicial Center in Escambia County, Florida, has received three different telephoned bomb threats in the past few months. Two calls were received by the office of the Clerk of the Court and one by the switchboard of the State Attorney's Office. In addition to the clerk's offices and the Office of the State Attorney, the Judicial Center houses five county judges, ten circuit judges, the Office of the Public Defender, the Office of Court Administrator, and others. The bomb threats have caused considerable disruption of the functions in the Judicial Center.
Chapter 934, Florida Statutes, is entitled the Security of Communications Law, and was enacted by the Florida Legislature in order to assure personal rights of privacy in the area of oral and wire communications.[1]
Section 934.03(1), Florida Statutes, generally makes it unlawful for a person to willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire or oral communication.[2]
A "[w]ire communication" within the scope of the act is
"any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception including the use of such connection in a switching station furnished or operated by any person engaged in providing or operating such facilities for the transmission of intrastate, interstate, or foreign communications or communications affecting intrastate, interstate, or foreign commerce. Such term includes any electronic storage of such communication."[3]
To "[i]ntercept" a communication for purposes of the act is "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."[4]
In 1981, the Florida Supreme Court discussed the history and purpose of Florida's Security of Communications Act, Chapter 934, Florida Statutes, and recognized that while federal wiretapping legislation envisions that one's right to privacy must be subordinate to law enforcement interests when one party consents to the interception of a conversation, "[t]he [Florida] Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping."[5] The Court noted that "the Florida act evinces a greater concern for the protection of one's privacy interests in a conversation than does the federal act."[6]
Section 934.03(1), Florida Statutes, provides in pertinent part that "[e]xcept as otherwise specifically provided in this chapter, any person who . . . [i]ntentially intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication . . . is guilty of a felony of the third degree . . ." However, an exception to the general prohibition against the interception of wire communications is provided in section 934.03(2)(g), Florida Statutes, for certain law enforcement purposes. Pursuant to this paragraph:
"It is lawful under ss. 934.03-934.09 for an employee of: 1. [A] law enforcement agency as defined by s. 934.02(10), or any other entity with published emergency telephone numbers; 2. An agency operating an emergency telephone number "911" system established pursuant to s. 365.171; or 3. The central abuse hotline operated pursuant to s. 39.201,
to intercept and record incoming wire communications; however, such employee may intercept and record incoming wire communications on designated "911" telephone numbers and published nonemergency telephone numbers staffed by trained dispatchers at public safety answering points only. It is also lawful for such employee to intercept and record outgoing wire communications to the numbers from which such incoming wire communications were placed when necessary to obtain information required to provide the emergency services being requested."
Thus, the statute authorizes law enforcement agencies to intercept and record incoming and outgoing telephone calls to those numbers through which emergency incoming telephone calls are placed under these specific circumstances.
A "[l]aw enforcement agency" for purposes of Chapter 934, Florida Statutes, is
"an agency of the State of Florida or a political subdivision thereof or of the United States if the primary responsibility of the agency is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state and if its agents and officers are empowered by law to conduct criminal investigations and to make arrests."[7]
The State Attorney's Office would appear to come within the scope of this definition. However, unless the State Attorney's Office maintains a published emergency telephone number at the M.C. Blanchard Judicial Center, the recording of incoming telephone calls there is not authorized under Chapter 934, Florida Statutes.
This office has previously addressed the issue of whether the placement of an audible "beeper" signal on a telephone line for incoming and outgoing calls would allow a law enforcement agency to record the wire communications on such lines without violating the provisions of Chapter934, Florida Statutes. In Attorney General's Opinions 85-05 and 80-05, this office concluded that the use of such a signal did not make the interception or recording of telephone calls lawful in the absence of statutory authorization. In contrast to the statutory provisions relating to oral communications,[8] which require the demonstration of a reasonable expectation of privacy in order to find a violation of the statute, a violation of the prohibition against the interception of wire communication may occur without any requirement that the caller demonstrate an expectation of privacy.[9] Thus, alerting a caller to the interception of a telephone call through the use of a "beeper" signal does not overcome the fact that interception of a wire communication is unauthorized.
In Attorney General's Opinion 97-16 this office was asked by the Brevard County Association of Chiefs of Police whether the "business extension" exception to the interception of wire communications would permit law enforcement agencies to record incoming and outgoing nonemergency telephone calls made by agency personnel in the course of day-to-day business. The "business extension" or "extension phone" exception was identified as an exception to Florida's Security of Communications Act in 1991 in a federal court case, Royal Health Care Services, Inc. v.Jefferson-Pilot Life Insurance Company.[10]
As articulated in that case, the "business extension" exception creates an exception to the definition of "electronic, mechanical, or other device" in the statute. Under the Security of Communications Act, the interception of a communication must be accomplished by use of an "[e]lectronic, mechanical, or other device."[11] However, the statutory definition excludes:
"Any telephone or telegraph instrument, equipment, or facility, or any component thereof:
1. Furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user for connection to the facilities of such service and used in the ordinary course of its business[.]"[12]
As the Eleventh Circuit Court noted:
"Under the plain meaning of the statute, if this exception is met, then no interception occurred and there can be no liability under section934.10. The exception has two prongs. First, the communication must be intercepted by equipment furnished by a provider of wire or electronic communication service in the ordinary course of its business. Second, the call must be intercepted in the ordinary course of business."[13]
Thus, this office determined that the "business extension" exception or "extension phone" exception merely restates the language of section934.02(4)(a), Florida Statutes, and gives it a short, descriptive title. The exception does not represent a principle of law outside the scope of the Security of Communications Act. As Attorney General's Opinion 97-16 notes, authorization for law enforcement agencies to record telephone calls is specifically addressed in another, separate statutory provision of section 934.03(2), Florida Statutes. This office concluded that the "business extension" exception or the "extension phone" exception is not applicable to law enforcement agencies seeking to record incoming and outgoing telephone calls on the nonemergency telephone numbers of those agencies.
The only provisions of Chapter 934, Florida Statutes, that authorize interception of wire communications by a law enforcement agency are contained in section 934.03(2), Florida Statutes, for published emergency telephone numbers, and in sections 934.07 and 934.09, Florida Statutes, providing a procedure for obtaining a court order authorizing such interception. Further, this office has previously determined that the exception in section 934.03(2), permitting the interception of a wire communication by a law enforcement officer when he is a party to the communication or when one of the parties thereto has given prior consent and the purpose of the interception is to obtain evidence of a criminal act is not broad enough to permit the blanket recording of every telephone call received on a police department's emergency, complaint and information lines.[14] Finally, as a penal statute, Chapter 934, Florida Statutes, must be strictly construed and the limited enumeration of exceptions in the statute creates the inference that no other exceptions were intended.[15]
Therefore, it is my opinion that unless the State Attorney's Office is intercepting and recording telephone calls to published emergency telephone numbers as provided in section 934.03(2)(g), Florida Statutes, or has obtained a court order pursuant to sections 934.07 and 934.09, Florida Statutes, on the basis that such interception may provide or has provided evidence of the commission of certain crimes, the State Attorney's Office is not authorized under the Security of Communications Law, Chapter 934, Florida Statutes, to record incoming telephone calls made to that office either with notice or without notice to the caller that his or her conversation is being recorded.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 934.01, Fla. Stat., setting forth legislative findings.
[2] See, s. 934.03(4), Fla. Stat., making violations of the statute a felony and prescribing penalties; and s. 934.10, Fla. Stat., providing a civil cause of action against violators of ss. 934.03-934.09, Fla. Stat.
[3] Section 934.02(1), Fla. Stat.
[4] Section 934.02(3), Fla. Stat.
[5] State v. Tsavaris, 394 So.2d 418, 422 (Fla. 1981), citing State v.Walls, 356 So.2d at 296 (Fla. 1978).
[6] Id.
[7] Section 934.02(10), Fla. Stat.
[8] See, s. 934.02(2), Fla. Stat., defining "[o]ral communication" to mean a communication uttered by a person "exhibiting an expectation thatsuch communication is not subject to interception. . . ."
[9] See, Inf. Op. to the Honorable George Albright, dated September 25, 2000; and Op. Att'y Gen. Fla. 85-05 (1985), concluding that a municipal police department may not lawfully record outgoing calls from the department whether or not such telephone lines are equipped with an audible "beeper" signal. I would note that the statutes now permit the recording of outgoing calls on emergency "911" lines when the recording is of a call to the number from which the incoming emergency call was placed and is necessary to obtain information required to provide the emergency services being requested, see, s. 934.03(2)(g), Fla. Stat.
[10] 924 F.2d 215 (11th Cir. 1991).
[11] See, s. 934.02(3), Fla. Stat.
[12] Section 934.02(4)(a), Fla. Stat.
[13] Royal Health Care, supra fn. 10 at 217.
[14] See, Ops. Att'y Gen. Fla. 80-05 (1980) and 85-05 (1985).
[15] Under the rule "expressio unius est exclusio alterius," a statute enumerating the things upon which it operates is ordinarily to be construed as excluding from its operation those things not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal FarmsDrainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). And see,Copeland v. State, 435 So.2d 842 (Fla. 2d DCA 1983), pet. for rev. den.,443 So.2d 980 (Fla. 1983), concluding that portions of the Security of Communications Act authorizing interception of wire or oral communications are statutory exceptions to federal and state constitutional rights of privacy and must be strictly construed.