[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10872
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01652-VMC-TBM


DOUGLAS B. STALLELY,
In his capacity as personal Representative
of the Estate of Gary Robertson,

Plaintiff-Appellant,


JEREMIAH HALLBACK,
Individually and on behalf of all
those similarly situated,

Plaintiff,

versus


ADS ALLIANCE DATA SYSTEMS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 3, 2015)

Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Douglas Stalley,[1] as personal representative of the estate of Gary Robertson, appeals the district court's order[2] granting summary judgment in favor of Defendant ADS Alliance Data Systems, Inc. ("ADS") in this action alleging violations of the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.01.  No reversible error has been shown; we affirm.[3]

Briefly stated, Plaintiff claims that ADS intercepted and recorded -- in violation of the FSCA -- phone calls that ADS placed to Plaintiff's Florida home about certain credit-card accounts.  It is ADS's company policy to record all incoming and outgoing calls between ADS employees and third-party account

---

[1] On 23 October 2014, this Court dismissed this appeal by Plaintiff Jeremiah Hallback for want of prosecution.

[2] In his notice of appeal, Plaintiff purports to challenge several orders of the district court. Because Plaintiff's appellate briefs contain substantive argument only about the district court's grant of summary judgment to ADS, Plaintiff's challenges to the district court's remaining orders are abandoned.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[3] We review the district court's grant of summary judgment de novo, viewing the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).

holders.  ADS records the calls using a digital recording system, or "logger": a separate piece of equipment connected to the telephone system.  That ADS made and recorded several outgoing calls to Plaintiff in accordance with its company policy (and without Plaintiff's consent) is undisputed.

The FSCA prohibits the interception of wire, oral, or electronic communication.  Fla. Stat. § 934.03(1).  The term "intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Id. § 934.02(3).  The phrase "electronic, mechanical, or other device" includes "any device or apparatus which can be used to intercept a wire, electronic, or oral communication."  Id. § 934.02(4).  But, under what is known as the "business extension exception," the term "electronic, mechanical, or other device" does not include telephone equipment that is "[f]urnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of business and being used by the subscriber or user in the ordinary course of its business."  See Fla. Stat. § 934.02(4)(a)(1).

In granting summary judgment in favor of ADS, the district court relied on this Court's decision in Royal Health Care Serv., Inc. v. Jefferson-Pilot Life Ins. Co., 924 F.2d 215 (11th Cir. 1991).  In Royal Health -- as in this case -- plaintiff

3

alleged a violation of the FSCA based on defendant's automatic recording of outgoing calls to plaintiff, without plaintiff's consent. Royal Health Care Serv., Inc., 924 F.2d at 216. The Royal Health defendant asserted that its conduct fell under the FSCA's business-extension exception and, thus, no "interception" occurred under the Act. Id.

To determine whether the business-extension exception applied, this Court first considered whether the alleged interception was made by the telephone extension used to make the calls or by the tape recorder used to record the calls. Id. at 217. Based both on Florida case law and on Circuit precedent interpreting the Federal Wiretap Act (upon which the FSCA is modeled), this Court concluded that the calls were intercepted (under that term's common meaning) by the telephone extension, not the recording device. Id. at 217-18. Because (1) the telephone used was supplied by a provider of wire or electronic communication service in the ordinary course of its business, and (2) the calls were recorded pursuant to defendant's company policy in the ordinary course of business, the business-extension exception applied. Id. Thus, no "interception" within the meaning of the FSCA occurred; and defendant was entitled to summary judgment. Id. at 218.

The parties agree that the facts in Royal Health are materially indistinguishable from the facts in this appeal.  So, Royal Health controls. Applying this Court's binding precedent in Royal Health, the district court concluded correctly that it was the telephone, not the "logger," that intercepted (under that term's common meaning) the calls from ADS to Plaintiff.  Because the telephone was supplied by a provider of wire or electronic communication services in the ordinary course of business, and because ADS recorded the calls pursuant to its company policy, we conclude that the business-extension exception applied and that no "interception" occurred within the meaning of the FSCA.  Accordingly, ADS is entitled to summary judgment.

On appeal, Plaintiff asks the Court to certify questions to the Florida Supreme Court about the proper application of the FSCA. [4]  Plaintiff contends that since Royal Health was decided, five other federal circuit courts (interpreting the Federal Wiretap Act) and various non-Florida state courts (interpreting analogous state statutes) have -- contrary to the reasoning in Royal Health -- concluded that a telephone call is "intercepted" for purposes of the pertinent federal and state statutes by the recording device, not the telephone.  Plaintiff contends that these intervening foreign decisions cast sufficient doubt on this Court's earlier

---

[4] In the alternative, Plaintiff urges the Court to review en banc its decision in Royal Health. Because the determinative issue in this appeal is one of state law, en banc consideration is inappropriate.  See 11th Cir. R. 35-3.

5

interpretation of Florida law that certification to the Florida Supreme Court is warranted.

Under our prior-precedent rule, we are bound by an earlier panel's decision (including those involving federal or state law) unless it is overruled by this Court sitting en banc or "if *subsequent* decisions of the United States Supreme Court or the Florida courts cast doubt on our interpretation of state law."  Venn v. St. Paul Fire & Marine Ins. Co., 99 F.3d 1058, 1066 (11th Cir. 1996) (emphasis in original).  Plaintiff cites no intervening decision (nor have we found such a decision) of the United States Supreme Court or of the Florida courts that calls into question our interpretation of the FSCA's business-extension exception in Royal Health.  Thus, Royal Health remains binding precedent.  Nothing establishes that the law of Florida is unclear or that the Florida Supreme Court would likely decide the issue differently; certification is unnecessary.

AFFIRMED.